# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN TODD LACOSSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 16-487-RAW-SPS ) |
| McINTOSH COUNTY JAIL and DEPUTY MONICA SMITH, | ) ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

Plaintiff Justin Todd Lacosse, a pro se prisoner who is incarcerated in the Muskogee County Jail, filed this action pursuant to 42 U.S.C. § 1983, seeking relief for alleged Eighth Amendment violations during his incarceration at the McIntosh County Jail in Eufala, Oklahoma. The defendants are the McIntosh County Jail and Deputy Monica Smith, the Jail Administrator.

Plaintiff alleges that on or about March 8, 2016, he was sitting at a table in "F" Pod, when he was punched from behind by a Department of Corrections inmate. (Dkt. 1 at 2). The attack continued until Jailers Gerald Young and Richard Robinson broke it up and took Plaintiff to Medical Isolation. *Id.* Plaintiff's alleged injuries were a cut nose, a bump on the right side of his head, and scratches on his right side. *Id.* at 4.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant McIntosh County Jail**

Plaintiff has named the McIntosh County Jail as a defendant. He has not, however, made specific factual claims against the Jail and has not demonstrated why this governmental sub-unit is a suable entity. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under

2

Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, the Tenth Circuit Court of Appeals has held in an unpublished opinion that "the Creek County Criminal Justice Center is not a suable entity under § 1983." *Hinton v. Dennis*, No. 09-5130, 362 Fed. Appx. 904, 907, 2010 WL 257286, at *3, (10th Cir. Jan. 25, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Therefore, Defendant McIntosh County Jail is DISMISSED from this pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Defendant Deputy Monica Smith**

The second defendant in this action is Deputy Monica Smith, the McIntosh County Jail Administrator. Plaintiff, however, has made no factual allegations against Ms. Smith. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff has failed to such a showing at this stage of the litigation.

**Medical Claims**

In his Request for Relief, Plaintiff alleges he was not provided timely medical treatment for his injuries, including prescriptions medications. (Dkt. 1 at 6). Again, he has not alleged that an individual defendant personally participated in these alleged constitutional violations.

**Amended Complaint**

The Court finds Plaintiff's complaint is insufficient. Therefore, he is granted leave to file an amended complaint concerning the alleged incident within twenty (20) days.

3

Because Defendant McIntosh County Jail is dismissed by this Opinion and Order, the amended complaint may not name the McIntosh County Jail as a defendant, but Plaintiff may name additional defendants if appropriate.

The amended complaint must include all allegations and supporting material to be considered by the Court, and it may not reference or attempt to incorporate material from Plaintiff's original complaint. *See* Local Rule 9.2(c). As discussed above, claims against individual defendants must show the defendants personally participated in the alleged constitutional violations. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint. Failure to file an amended complaint as directed will result in dismissal of this action without prejudice.

**ACCORDINGLY,** Defendant McIntosh County Jail is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court Clerk is directed to send Plaintiff the form for filing an amended complaint in this Court. Plaintiff is directed to file an amended complaint on the Court's form within twenty (20) days. Failure to comply with this Opinion and Order will result in dismissal of this action without prejudice.

**IT IS SO ORDERED** this 18th day of November 2016.

**Dated this 18th day of November, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma